IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DANIEL L. CARD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE<br><br><br><br>Case No. 2:14-cv-658 |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence. (Dkt. No. 1.) Petitioner filed his motion on September 8, 2014 (*Id.*) and the government responded on December 22, 2014. (Dkt. No. 4.) Having considered the briefing and relevant laws, the court adopts the government's reasoning and finds that the Motion is a second or successive § 2255 petition over which the court does not have jurisdiction. Therefore, Petitioner's motion is DENIED.

BACKGROUND

After a jury trial, this Court sentenced Card to 406 months for armed robbery of two credit unions (Counts I and III) and using and carrying a firearm during the armed robberies (Counts II and IV). (Crim. Case No. 2:99-cr-674, Judgment, Dkt. No. 219). The sentence was ordered to run concurrent with an 87-month sentence in Criminal Case No. 2:97-cr-189. (*Id.*) Card appealed his conviction claiming that impeachment evidence was erroneously admitted

3

at trial, the evidence was insufficient to support his conviction, and the government withheld Brady material. The United States Court of Appeals for the Tenth Circuit affirmed Card's conviction. *United States v. Card*, 46 Fed. App'x. 941 (10th Cir. 2002) (unpublished).

On September 13, 2012, Card filed a motion to vacate, correct or set aside sentence under 28 U.S.C. § 2255. (Civil Case No. 2:12-cv-883, Docs. 1 & 2.) The court denied the motion as untimely. (*Id.*, Doc. 11 at 2-4.) The court also rejected Card's argument that the reason he did not bring his § 2255 motion sooner was because the Supreme Court had not decided *Bond v. United States*, 131 S.Ct. 2355 (2011). (Civil Case No. 2:12-cv-883, Doc 11 at 3.) Specifically, "the Supreme Court's decision in *Bond* did not establish new ground for the movant to make a valid claim, as precedent would not have prevented Card from raising his claim before the Bond decision." (*Id.* at 3.) The court also found "there is no extraordinary circumstance that would support determination that the statute of limitations was tolled." (*Id.* at 3–4.) Card appealed the decision, and the Tenth Circuit dismissed the appeal. *United States v. Card*, 534 Fed. App'x 765 (10th Cir. 2013).

On September 8, 2014, Card filed his new Motion to Vacate, Set Aside or Correct Sentence in the present case. (Dkt. No. 1.) In this motion, Card argues that there are three grounds for relief: 1. that he is "actually innocent"; 2. that the indictment failed to charge him with violating the subsections of § 924(c)(1) that he was sentenced under; and 3. that his counsel was ineffective for failing to dismiss the indictment. (Dkt. No. 1 at 5-6.)

DISCUSSION

A prisoner may not file a second or successive § 2255 habeas claim unless he first obtains an order from the circuit court authorizing the district court to consider the claim. 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). In the absence of such authorization, a district court

lacks jurisdiction to address the merits of the second or successive claim. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Because Defendant has not received an order from the circuit court authorizing this second or successive claim, this court lacks jurisdiction.

Although "the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631," *Id.* at 1252, there is no reason to do so here.  There are no facts or legal rights available to Petitioner now that were not in place when he was convicted of the underlying crime—over ten years before his Motion was filed.  Additionally, Card is no stranger to the procedures and time limits governing § 2255, including the need for authorization to file a second or successive § 2255 motion. Card filed numerous § 2255 motions in Criminal Case No. 2:97-CR-189, several of which were dismissed as second or successive § 2255 motions. Consequently, the court finds that a dismissal, rather than a transfer, is appropriate in this case. *Id.* ("[T]he district court . . . may dismiss the motion or petition for lack of jurisdiction.").

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion is DISMISSED FOR LACK OF JURISDICTION.

Dated this 11th day of September, 2015

BY THE COURT:

_____
Judge Dee Benson
District Court Judge